MICHELE VINCITORIO, Appellant, v. KILAR CONSTRUCTION Co., INC., and GURNEY ELEVATOR Co., INC., Respondents.— Judgment reversed on the law and a new trial granted, costs to abide the event. Although plaintiff's counsel attempted to adduce evidence under many improperly framed questions, objections were sustained to many questions which were properly framed. The plaintiff should have been permitted to adduce evidence of the facts and circumstances as they existed on the morning of, and prior to, the accident, on the stories above the seventeenth floor, as well as the facts and circumstances with reference to those floors *immediately* after the accident. He should have been permitted to adduce the facts that would tend to establish that the plank picked up on the street immediately after the accident was of the type and character used by one or both of the defendants in the course of their work in the stories above the seventeenth floor, and that the plank had been observed by witnesses who were familiar with the type and character of the plank used by either or both of the defendants as such plank or type of plank was described by them. The court held the plaintiff down too strictly in these respects, and his rulings on many occasions were erroneous. Typical of these were the rulings at folios 82, 86, 101, 104, 109 and 157. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

LUELLA WATERHOUSE and Others, Respondents, v. JAMES H. STRAIN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

WOODHAVEN HOUSING CORPORATION, Respondent, v. JOHN KAISER, Appellant. — Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. The action is one at law, seeking a money judgment. There was sent to the Special Term for trial the issue of reformation of but four mortgages, whereas plaintiff claimed that defendant had purchased thirteen mortgages, on each of which there was due thirty per cent of the purchase price. The issue for the Special Term was whether a guaranty of payment contained in the assignments of the four mortgages to the defendant was the result of agreement between the parties. There was also involved the claim of extinguishment by merger of some of the four mortgages with the fee which it was claimed that defendant had brought about. Instead of trying out the only issues sent to the Special Term, the trial court has rendered a judgment beyond the scope of the order and has, in effect, determined the issues to be tried before a jury after a determination on the special issues presented for trial. Findings of fact numbered I to XVI, inclusive, and conclusions of law numbered I to III, inclusive, are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

In the Matter of the Application of VICTOR NAGLER, Petitioner, for the Removal of J. CHARLES ZIMMERMAN as City Judge of the City of Long Beach, Respondent. — Motion to advance hearing of motion from November sixth to October thirtieth granted. Hearing set down for ten A. M. on Monday, October 30, 1933. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.